IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**NORTHWEST BANK f/k/a NORTHWEST SAVINGS BANK,**

        Plaintiff,

v.

**MCKEE FAMILY FARMS, INC., et al.**,

        Defendants.

No. 3:15-cv-01576-MO

OPINION AND ORDER

**MOSMAN, J.**,

## BACKGROUND

On September 23, 2016, I issued a Final Judgment [280] in this case, which ordered that Defendants be awarded their costs, pursuant to Rule 54(d). Defendants Creekside Valley Farms, KCK Farms, and Grouped Defendants submitted a Bill of Costs [281, 282, 283]. Plaintiff objected to some of the items included in Defendants' submissions [284].

Specifically, Plaintiff objects to Grouped Defendants' request for costs associated with the depositions of Bruce McKee ($171.60), T.K. Creal ($1,222.15), and Terry Ross ($204.75), and the cost to receive a rushed copy of the trial transcript ($333.77). Additionally, Plaintiff objects to requests from Creekside Valley Farms and KCK Farms for half the cost of T.K.

1 – OPINION AND ORDER

Creal's deposition ($485.40). Plaintiff argues that Defendants cannot recover these costs because the depositions were not used at trial or as part of dispositive motions.

Creekside Valley Farms and KCK Farms argue the deposition of Mr. Creal was reasonably necessary at the time it was taken. Mr. Creal was a witness at trial and the deposition was used for the purposes of responding to Plaintiff's motions for summary judgment. Grouped Defendants failed to respond to Plaintiff's objections to their Bill of Costs [283].

## LEGAL STANDARD

Title 28 U.S.C. § 1920 enumerates the expenses that a federal court may award to a prevailing party under Federal Rule of Civil Procedure 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Accordingly, under Rule 54(d), a prevailing party may recover the ordinary costs of litigation, other than attorney fees. *Id.*; *Frederick v. Portland*, 162 F.R.D. 139, 142 (D. Or. 1995). "Costs related to depositions are generally available to a prevailing party." *Frederick*, 162 F.R.D. at 142 (citing *Wash. State Dep't of Transp. V. Wash. Natural Gas Co.*, 51 F.3d 1489, 1501-02 (9th Cir. 1995)). The expenses associated with acquiring copies of depositions are recoverable, so long as the copies were "necessarily obtained for use in the case." *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990). The "deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary deposition." *Frederick*, 162 F.R.D. at 143 (citation omitted) (explaining that courts typically prohibit the recovery of deposition costs when the deposition was purely investigative in nature or solely for the convenience of counsel).

2 – OPINION AND ORDER

## CONCLUSION

I find the deposition of Mr. Creal was reasonably necessary at the time it was taken, and the costs associated with his deposition should be awarded to Defendants as requested in the Bills of Costs [281, 282, 283].  Because Grouped Defendants failed to provide evidence to support a finding that the costs associated with the depositions of Bruce McKee and Terry Ross, or the rushed copy of the trial transcript were reasonably necessary, those costs are not awarded. Accordingly, I GRANT in PART Grouped Defendants' Bill of Costs [283] and award costs in the amount of $2,387.51; I GRANT Defendant Creekside Valley Farms, LLC's Bill of Costs [281] and award costs in the amount of $489.30; I GRANT Defendant KCK Farms, LLC's Bill of Costs [282] and award costs in the amount of $489.30.

IT IS SO ORDERED.

Dated:  This __6th__ day of December, 2016.

          /s/ Michael W. Mosman
          MICHAEL W. MOSMAN
          Chief United States District Judge